[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11389

Non-Argument Calendar

_____

DEANDRE ARNOLD,
on behalf of Tymya Arnold,

                                        Plaintiff-Appellant,

*versus*

CITY OF HAMPTON,
WAYNE JERNIGAN,
sued in his official and individual capacity,
OTANYA CLARKE
STACY COLEY,
DERRICK AUSTIN,
sued in their official and individual capacities, et al.,

2                    Opinion of the Court                    23-11389

Defendants-Appellees,

KIM STEPHENS,
sued in her official and individual capacity, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04970-SEG

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Deandre Arnold appeals from the district court's March 16, 2023 order granting motions to dismiss filed by the City of Hampton, Wayne Jernigan, Otanya Clarke, and Mellissa Brooks, and denying as moot Arnold's motions for partial summary judgment and leave to file an amended statement of material facts. That order is not final and appealable, however, because it did not end the litigation on the merits in the district court. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022)

(stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

Arnold's claims against Stacy Coley; Derrick Austin; Denise Henderson; Brian Amero; Sabriya Hill; Lynn Chambers; Suzette Gray; Katy Snyder; Henry County, Georgia; Danna Yu; and Melinda O'Neill remain pending before the district court, and the district court did not certify its order for immediate review under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Additionally, the district court's March 16, 2023 order is not effectively unreviewable on appeal from a final order resolving the case on the merits. *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.