[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11312

Non-Argument Calendar

_____

KATHERINE M. RUDD,
individually, and as Co-trustee of the J.W. Goodwin
and Virginia M. Goodwin Grandchildren's Trust,
TIFFANY RUDE ATKINSON,
individually, and as Co-trustee of the J.W. Goodwin
and Virginia M. Goodwin Grandchildren's Trust,

                                    Plaintiffs-Appellants,

*versus*

BRANCH BANKING & TRUST COMPANY,
Co-trustee of the Joy Goodwin Adams Irrevocable
Trust dated 01/02/87 and the Joy Goodwin Adams
Irrevocable Trust dated 07/19/89,

2                    Opinion of the Court                    23-11312

Defendant-ThirdParty Plaintiff-Appellee,

WELLS FARGO BANK, N.A.,
in its corporate capacity and as Co-trustee of the
Joy Goodwin Adams Irrevocable Trust dated
01/02/87 and the J.W. Goodwin Marital Trust,

Defendant,

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:13-cv-02016-SGC

_____

Before: WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

The motion to dismiss filed by Branch Banking & Trust Company ("BB&T") and Joy Adams is GRANTED, and this appeal is DISMISSED.  Katherine Rudd and Tiffany Rudd Atkinson appeal from the district court's March 22, 2023 order that dismissed their claims against BB&T and two of BB&T's three third-party claims against Adams.  However, that order was not final and appealable because BB&T's third-party indemnification claim against Adams remained pending and the district court did not certify the order

for immediate review.  *See* 28 U.S.C. §§ 1291, 1292; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245–46 (11th Cir. 2012) (holding that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable unless certified for immediate review); Fed. R. Civ. P. 54(b); *Plaintiff A v. Schair*, 744 F.3d 1247, 1252–53 (11th Cir. 2014). Furthermore, unlike the fee-shifting at issue in the cases on which the plaintiffs rely, BB&T's indemnification claim sought attorney's fees from the third-party defendant for defending against plaintiffs' claims regardless of which party prevailed on those claims. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 197, 199–202 (1988); *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 180–81, 183–86, 189–90 (2014).