[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12280

Non-Argument Calendar

_____

RICHARD HARRIS,

Plaintiff-Appellant,

*versus*

GOODWIN,
Assistant Warden,
FOSTER,
C.O.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-01155-MMH-JBT

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Richard Harris appeals from the magistrate judge's June 20, 2023 order denying his motions for appointment of counsel and service by publication and to condemn the defendant's property. However, we lack jurisdiction to directly review a magistrate judge's order, and an appeal from such an order must be taken to the district court. *See* 28 U.S.C. § 1291; *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) (explaining that magistrate judge orders issued pursuant to 28 U.S.C. § 636(b) are not final and may not be appealed until rendered final by a district court); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (noting that appellate courts are without jurisdiction to hear appeals directly from magistrate judges).

Even if the district judge had entered an order affirming the magistrate judge's rulings, those rulings are not final in that they did not end the litigation on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends litigation on the merits and leaves nothing for the court to do but execute its judgment). And the June 20

23-12280                Opinion of the Court                3

order did not dispose of a claim or party, so it could not have been certified under Federal Rule of Civil Procedure 54(b).  Fed. R. Civ. P. 54(b); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)).

All pending motions are denied as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.