[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12698

Non-Argument Calendar

_____

JEREMY SORENSON, et al.,
individuals,

                                                            Plaintiffs,

ADAM MCLEAN,
an individual,
JAMES DOYLE,
an individual, on behalf of themselves
and all others similarly situated,

                                                    Plaintiffs-Appellants,

*versus*

DELTA AIR LINES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cv-00541-ELR

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional questions, we conclude that we lack jurisdiction over this appeal.

Appellants Adam McLean and James Doyle, individually and on behalf of all others similarly situated, challenge the district court's March 31, 2023 order granting in part defendant Delta Air Lines, Inc.'s ("Delta") motion for summary judgment. The March 31 order dismissed all claims asserted by plaintiffs Jeremy Sorenson, Randal Reep, McLean, and Doyle, leaving only plaintiff Randal Smith's discrimination claim outstanding.

On August 30, 2023, a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that purported to dismiss all of Smith's claims with prejudice was filed in the district court. The parties do not dispute that the stipulation was filed and signed on behalf of only Smith and Delta, as reflected on the

document itself. On September 8, 2023, the clerk entered a judgment in favor of Delta on all claims, except Smith's discrimination claim and stated that Sorenson, Reep, Doyle, and McLean were dismissed from the action.

Because the August 30, 2023 stipulation of dismissal was signed by fewer than all parties who had appeared in the litigation, the stipulation was ineffective, and Smith's discrimination claim remains pending before the district court. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff may voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared"); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (holding that Rule 41(a)(1)(A)(ii)'s signature requirement applies to all parties, including those who were previously removed from the action). Additionally, the district court did not certify its March 31, 2023 order for immediate review pursuant to Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (providing that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable absent certification by the district court pursuant to Rule 54(b)). Thus, we lack jurisdiction to consider this appeal. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." (quotation marks omitted)).

4                    Opinion of the Court                    23-12698

Accordingly, this appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] We also asked the parties to address whether the August 30, 2023 stipulation of dismissal was valid, given that it only dismissed one of the plaintiff's claims against the defendant.  Because we find that we lack jurisdiction over the appeal because the stipulation was signed by fewer than all parties that appeared in the action, we express no opinion regarding whether the stipulation was also invalid because it only dismissed one of the plaintiff's claims against the defendant.