[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12861

Non-Argument Calendar

_____

JOSEPH WAYNE ALLEN,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,
MS. WILLIAMS,
ARPN,
ROLAND WILKERSON,
TYRONE ASKEW,

Defendants-Appellees,

2                    Opinion of the Court                    23-12861

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00148-WS-MJF

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  Joseph Allen appeals from the district court's August 8, 2023 order dismissing his claim against defendant Williams.  That order is not final and appealable, however, because it did not end the litigation on the merits in the district court.  *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

Allen's claims against defendants Askew and Wilkerson remain pending before the district court, and the district court did not certify its order for immediate review under Federal Rule of Civil Procedure 54(b).  *See Supreme Fuels Trading FZE v. Sargeant*,

23-12861                Opinion of the Court                3

689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Additionally, the district court's August 8, 2023 order is not effectively unreviewable on appeal from a final order resolving the case on the merits. *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.