[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10090

Non-Argument Calendar

_____

JOE HAND PROMOTIONS, INC.,

Plaintiff-Appellee,

*versus*

DIANE WILLIAMS,
Individually, as officers, directors,
shareholders, members and/or principals
of Tastemakers Elite LLC d/b/a Cabana Sands,
RALPH A. WILLIAMS,
Individually, as officers, directors,
shareholders, members and/or principals
of Tastemakers Elite LLC d/b/a Cabana Sands,
TASTEMAKERS ELITE LLC,

2                        Opinion of the Court                        24-10090

d.b.a. Cabana Sands,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02311-VMC-NHA

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Ralph Williams and Diane Williams (collectively, the "Williamses"), appeal from the district court's December 7, 2023 order that denied their objection and motion to dismiss plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand Promotions") complaint. That order is not final and appealable, however, because it did not end the litigation on the merits in the district court. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

Joe Hand Promotions's claims against the Williamses remain pending before the district court, and the district court did not certify its order for immediate review under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*,

24-10090                 Opinion of the Court                 3

689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Nor is the district court's December 7, 2023 order effectively unreviewable on appeal from a final order resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.