[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13599

Non-Argument Calendar

_____

REINIER ANGULO,

Plaintiff-Appellant,

*versus*

WORKHORSE GROUP, INC. et al.,

Defendants,

THE SHYFT GROUP USA, INC.,

Defendant-Appellee,

UNITED PARCEL SERVICE, INC.,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22489-CMA

————————————

Before ROSENBAUM, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, we conclude that we lack jurisdiction over this appeal. On October 27, 2023, appellant Reinier Angulo filed a notice of appeal challenging the district court's February 22, 2023 order granting defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss the claims against it and the district court's October 4, 2023 order administratively closing the case.

Angulo's third amended complaint asserted claims against Workhorse Custom Chassis, LLC ("Workhorse"); Navistar, Inc. ("Navistar"); The Shyft Group USA, Inc. ("Shyft"); and UPS. Between February and June 2023, the district court resolved the claims against UPS, Navistar, and Workhorse, leaving only the claims against Shyft outstanding. On October 4, 2023, the district

court issued an order administratively closing the case and directing Angulo and Shyft to file a stipulation of dismissal as to the remaining claims because they had informed the court that they reached a settlement agreement. The order also noted that, if the parties failed to complete the settlement, either party could request that the district court reopen the case. On November 18, 2023, after Angulo filed his notice of appeal, a stipulation of dismissal as to all of Angulo's claims against Shyft with prejudice was filed in the district court. The stipulation was signed only by counsel for Angulo and Shyft.

Here, Angulo's October 27, 2023 notice of appeal was premature to challenge the district court's February 22, 2023 order granting UPS's motion to dismiss because the order administratively closing the case was not a final order, as it did not resolve the claims against Shyft and anticipated that further action from the court may be required. *See* 28 U.S.C. §1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." (internal quotation marks omitted)); *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243-44 (11th Cir. 2014) (explaining that, while we take a functional approach to finality, an order administratively closing the case is not the same as dismissing the case and is not dispositive of finality).

The November 18, 2023 stipulation of dismissal also did not produce finality. That stipulation was ineffective because it was signed by fewer than all parties who had appeared in the litigation,

so Angulo's claims against Shyft remain pending before the district court.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff may voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared"); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (holding that Rule 41(a)(1)(A)(ii)'s signature requirement applies to all parties, including those who were previously removed from the action).  Additionally, the district court did not certify its February 22, 2023 order granting UPS's motion to dismiss or its October 4, 2023 order administratively closing the case for immediate review pursuant to Federal Rule of Civil Procedure 54(b).  *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (providing that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable absent certification by the district court pursuant to Rule 54(b)).

For those reasons, we lack jurisdiction.  *See* 28 U.S.C. § 1291; *Acheron*, 22 F.4th at 986.  Accordingly, this appeal is DISMISSED for lack of jurisdiction.