[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12628

_____

D.C. Docket No. 9:08-cv-81215-DTKH

SUPREME FUELS TRADING FZE,

Plaintiff - Appellee,

versus

HARRY SARGEANT III, et al.,

Defendants,

INTERNATIONAL OIL TRADING COMPANY, LLC,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Supreme Fuels brought this action against four defendants, including International Oil Trading Company, LLC ("IOTC"), under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, the Sherman Act, 15 U.S.C. § 1, and several common-law and statutory claims governed by Florida law. IOTC now appeals the District Court's order that it pay $5 million to Supreme Fuels Trading FZE pursuant to a settlement agreement. Supreme Fuels argues that the District Court's order is not appealable. We agree and dismiss this appeal for lack of jurisdiction.

Federal appeals courts have jurisdiction over final decisions of the district courts. 28 U.S.C. § 1291; see also Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").[1] "[A]n order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken," unless "the district court properly certifies as 'final' under Rule 54(b), a judgment on fewer than all claims or parties." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773,

---

[1] There are exceptions to the final judgment rule. See Haney v. City of Cumming, 69 F.3d 1098, 1101 n.5 (11th Cir. 1995). IOTC does not argue, and we do not independently find, that any of the exceptions apply.

2

777 (11th Cir. 2007); see also Fed. R. Civ. P. 54.

Here, Supreme Fuels's claims were brought against three defendants in addition to IOTC. Supreme Fuels moved the District Court to enforce a purported settlement agreement setting forth the terms by which the parties were to resolve their dispute. The District Court granted Supreme Fuels's motion to enforce that agreement and imposed a $5 million judgment solely on IOTC. It also clarified that the agreement's express terms provide that the defendants were to receive releases "only after [Supreme Fuels] receive[d] payment." IOTC never made the payment.

Setting aside the question of whether there has been a final decision with respect to IOTC, it is clear that the District Court did not resolve the rights and liabilities of the other three defendants in this case. IOTC did not seek a Rule 54(b) certification from the District Court either. With claims outstanding, we lack jurisdiction.

**APPEAL DISMISSED.**

PRYOR, Circuit Judge, concurring

I join the panel opinion in full. I agree that the amended judgment entered against International Oil (USA) is not a final order, 28 U.S.C. § 1291, but I write separately to explain why the order enforcing the settlement agreement also is not an order of specific performance that would be appealable as an injunction, id. § 1292(a)(1).

"Under federal law, a district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." Ford v. Citizens and S. Nat'l Bank, Catersville, 928 F.2d 1118, 1121 (11th Cir. 1991) (internal quotation marks omitted). We have stated that a "motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." Id. at 1122 ( internal quotation marks omitted). That description matters because, if a district court grants a motion to enforce a settlement agreement and orders specific performance of that agreement, we may have jurisdiction to review that order even if it is not a final judgment, see 28 U.S.C. § 1291.

We have jurisdiction over "appeals from . . . [i]nterlocutory orders . . . granting . . . injunctions . . . ," 28 U.S.C. § 1292(a)(1), and if a "specific-performance order is injunctive in character," then there is "little doubt" that the order "is immediately appealable under § 1292(a)(1) as an injunction."

4

Petrello v. White, 533 F.3d 110, 114 (2nd Cir. 2008); see also 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3922 (2d ed. 1996) ("An order granting specific performance should present few difficulties for purposes of interlocutory appeal."). An order enforcing a settlement agreement and ordering specific performance can be an injunction even if the district court "did not use the magic word 'injunction.'" Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 566 (7th Cir. 2000).

Whether the district court intended to issue an injunction is the critical issue in determining whether we can entertain an interlocutory appeal under section 1292(a)(1). A district court can denominate its order as an injunction, or it may enter an order that otherwise complies with the requirements of Federal Rule of Civil Procedure 65(d). When a district court denominates its order as an injunction, we have jurisdiction to entertain an appeal from that order even if the district court fails to comply with the requirements of Rule 65(d). Schmidt v. Lessard, 414 U.S. 473, 477, 94 S. Ct. 713, 716 (1974); see also Hatten-Gonzales v. Hyde, 579 F.3d 1159, 1169 (10th Cir. 2009) (ruling that an order of the district court approving a settlement agreement "serves as an injunction for jurisdictional purposes, even if it fails to comply with Rule 65(d)" because "the district court plainly intended to provide plaintiffs injunctive relief and entered an order

5

attempting to do so"). And when a district court fails to denominate its order as an injunction, but otherwise complies with the requirements of Rule 65(d), we will treat its order as an appealable injunction. See Union Oil Co., 220 F.3d at 566. Rule 65(d) requires that the order (1) "state the reasons why it issued," (2) "state its terms specifically," and (3) "describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required." Fed. R. Civ. P. 65(d). When the "order is injunctive in nature, requiring [the defendant] to perform enumerated steps under threat of the contempt power," the order is an injunction subject to appellate review under section 1292(a)(2). Union Oil Co., 220 F.3d at 566. But "the absence of any semblance of effort by the District Court to comply with Rule 65(d)" is evidence that the district court did not intend to enter "an order granting an injunction." Gunn v. Univ. Comm. to End the War in Viet Nam, 399 U.S. 383, 389 n.4, 90 S. Ct. 2013, 2017 n.4 (1970).

So far as we can discern from this record, the district court did not intend to issue an injunction when it entered the order enforcing the settlement agreement because the district court neither stated that it was issuing an injunction nor complied with Rule 65(d). And counsel for both Supreme Fuels and International Oil (USA) do not contend that the district court entered an injunction when it entered its order enforcing the settlement agreement. That order failed to "impose

6

any deadline for [the defendant] to perform any act." Petrello, 533 F.3d at 116. The district court instead stated, without elaboration, that the motion of Supreme Fuels "to enforce the settlement agreement is **GRANTED.**" Because "an order for specific performance that lacks specificity is not a proper injunction," id. at 115, the order enforcing the settlement agreement did not comply with Rule 65(d).

In the absence of any statement by the district court that it intended its order enforcing the settlement agreement to function as an injunction and the absence of any semblance of effort to comply with Rule 65(d), the order enforcing the settlement agreement is not an order of specific performance that is appealable as an injunction under section 1292(a)(1). That said, I have little doubt that the district court could have crafted an order that would have permitted our review of the enforcement of the settlement agreement even though the claims of Supreme Fuels against the other defendants remain pending. But the district court did not craft that order. No matter how we interpret the order that the district court entered, we lack jurisdiction to review it.