**Cleveland D. DUNN, Plaintiff–Appellant,**

v.

**WARDEN WARE STATE PRISON, et al., Defendants,**

Lt. fnu Adams, Ware State Prison, John Doe, Correctional Officer, Ware State Prison, Georgia Department of Corrections, Georgia Correctional Healthcare ("GCHC"), Robert Bradford, Managing Director–GCHC, et al., Defendants–Appellees.

No. 14–14590.

United States Court of Appeals, Eleventh Circuit.

Feb. 25, 2016.

Tamika Hrobowski–Houston, Hrobowski Law Office, PC, Atlanta, GA, for Plaintiff–Appellant.

Deborah Nolan Gore, Samuel Scott Olens, Attorney General's Office, Atlanta, GA, for Defendants–Appellees.

Before ED CARNES, Chief Judge, JILL PRYOR, Circuit Judge, and REEVES,[*] District Judge.

PER CURIAM:

This case concerns claims that prison officials at the Ware State Prison in Waycross, Georgia, and the Calhoun State Prison in Morgan, Georgia, were deliberately indifferent to Cleveland Dunn's serious medical needs after he suffered a severe beating by a fellow inmate. Dunn no longer is housed at either prison.

On August 11, 2014, the district court adopted the magistrate judge's report and recommendation over Dunn's objections and, pursuant to 28 U.S.C. § 1915A, dismissed Dunn's claims against some, but not all, defendants. In the same order, the district court also denied Dunn's request for preliminary injunctive relief against all defendants. The case proceeded against the remaining defendants. Dunn appeals on an interlocutory basis the district court's August 11, 2014 order.

Our jurisdiction over this interlocutory appeal is limited to review of the denial of Dunn's request for preliminary injunctive relief. The express denial of a request for injunctive relief is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). The remainder of the August 11, 2014 order dismissing some but not all defendants is unreviewable for lack of jurisdiction. "[A]n order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken, unless the district court properly certifies as 'final' under [Federal Rule of Civil Procedure] 54(b), a judgment on fewer than all claims or parties." *Supreme Fuels Trading FZE v. Sargeant,* 689 F.3d 1244, 1246 (11th Cir. 2012) (first alteration in original and internal quotation marks omitted). The district court entered no Rule 54(b) certification for the order. And we find no other basis upon which to exercise jurisdiction over the dismissal of some of the defendants from this case. Accordingly, we review only the denial of Dunn's request for preliminary injunctive relief.

Under the circumstances, the district court did not abuse its discretion in denying the preliminary injunction.[1] Injunctive

---

[*] Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. "We review the district court's denial of a preliminary injunction for abuse of discretion." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs,* 788 F.3d 1318, 1322 (11th Cir.2015).

relief was requested only in the complaint and not by separate motion. In the 8 months after the complaint was filed and before the denial, Dunn had not separately requested injunctive relief. Nor had he put forward any evidence that would have entitled him to relief or requested an evidentiary hearing to prove his entitlement to it. Because the complaint was not verified, its allegations could not be considered evidence supporting injunctive relief, and the defendants had not admitted any of the allegations that might have made out a case for preliminary injunctive relief. Without admissions, evidence, or a request for an evidentiary hearing, there was nothing on which to base relief. *See Citizens Concerned About Our Children v. Sch. Bd. of Broward Cty.,* 193 F.3d 1285, 1289–90 (11th Cir.1999) (explaining that the failure to request a hearing on preliminary injunctive relief undermines any conclusion that irreparable harm has been shown); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1312 (11th Cir.1998) (holding that where the necessary facts are contested and credibility determinations must be made, relief cannot be granted without an evidentiary hearing). It follows that there was no abuse of discretion in denying preliminary injunctive relief.

Our conclusion is without prejudice to plaintiff moving for preliminary injunctive relief and an evidentiary hearing to show he is entitled to it.[2] We do not imply any views about how the district court should proceed if plaintiff does. *See* Fed.R.Civ.P. 65.

The denial of preliminary injunctive relief is **AFFIRMED.** The remainder of the appeal is **DISMISSED** for lack of appellate jurisdiction.

---

**2.** Because Dunn is no longer housed in either Ware State Prison or Calhoun State Prison, his claims for injunctive relief against the prison officials there are moot. *See Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir.2007) (recognizing the "general rule ... that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief"), *abrogated on other grounds by Sossamon v. Texas,* 563 U.S. 277, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011). Dunn could have a basis for injunctive relief against these defendants, however, if he gets transferred back into those prisons.