[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11965

Non-Argument Calendar

_____

DEANDRE ARNOLD,
on behalf of Tymya Arnold,

                                                    Plaintiff-Appellant,

*versus*

CITY OF HAMPTON,
WAYNE JERNIGAN,
sued in his official and individual capacity,
OTANYA CLARKE,
in her individual and official capacity,
STACY COLEY,
sued in her official and individual capacity,
DERRICK AUSTIN,

2                    Opinion of the Court                    23-11965

in his official and individual capacity, et al.,

                                                    Defendants-Appellees,


KIM STEPHENS,
sued in her official and individual capacity, et al.,

                                                    Defendants.


_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04970-SEG

_____

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Deandre Arnold appeals from district court orders dismissing various defendants and denying his motion to alter or amend part of the judgment. Those orders are not final and appealable, however, because they did not end the litigation on the merits in the district court. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends the

litigation on the merits and leaves nothing for the court to do but execute its judgment).

Arnold's claims against defendant Gloria Banister remain pending before the district court, and the district court did not certify any of its orders for immediate review under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Additionally, the district court's March 16, 2023, May 16, 2023, and June 12, 2023 orders that Arnold appears to be challenging are not effectively unreviewable on appeal from a final order resolving the case on the merits. *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.