[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13408

Non-Argument Calendar

_____

NORMA MARTIN,

　　　　　　　　　　　Plaintiff-Counter Defendant-Appellant,

*versus*

E.C. PUBLICATIONS INC.,
WARNER COMMUNICATIONS LLC,
d.b.a. DC Comics


　　　　　　　　Defendants-Counter Claimants-Appellees,


DC COMICS, Inc.,

2                         Opinion of the Court                    22-13408

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-21167-DPG

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

We issued a jurisdictional question asking whether the district court has entered a final, appealable order, and, particularly, whether Appellees' counterclaims have been resolved. In response, Appellees request that we remand this appeal to the district court for a ruling on their pending motion to dismiss the counterclaims. Appellant Norma Martin opposes the motion. We conclude that the district court has not entered a final or appealable order, so this appeal is DISMISSED for lack of jurisdiction and Appellees' motion to remand is DENIED as MOOT.

Martin appeals the district court's September 27, 2022 order entering summary judgment to Appellees on all of her claims. However, the district court's order did not address Appellees' counterclaims, and our review of the record does not reveal any other order disposing of them. Further, the district court did not certify its September 27, 2022 order for immediate review under Federal Rule of Civil Procedure 54(b). Accordingly, the district

court's order is not final or immediately appealable, and we lack jurisdiction to review it. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).

Because we lack jurisdiction over this appeal, we decline to entertain Appellees' motion to remand. *See Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1347 (11th Cir. 2021) (stating that when we lack jurisdiction, "we may do no more than 'announc[e] the fact and dismiss[] the cause'" (quoting *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019))).