[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11810

Non-Argument Calendar

_____

CLEAN SWEEP PRODUCTS, INC.,

Plaintiff-Counter Defendant
Appellant,

*versus*

CHAMPIONS OF CALHOUN, LLC,

Defendant-Counter Claimant
Appellee,

CARPET CAPITAL FIRE PROTECTION, INC.,

2                        Opinion of the Court                    23-11810

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cv-00227-WMR

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' joint response to the jurisdictional question, we agree with the parties that we lack jurisdiction over this appeal.

Clean Sweep Products, Inc. ("Clean Sweep") challenges the district court's May 17, 2023 entry of summary judgment in favor of Champions of Calhoun, LLC ("Champions"). Clean Sweep's second amended complaint asserted three claims against Champions and Carpet Capital Fire Protection, Inc. ("Carpet Capital"). Champions's answer asserted two counterclaims against Clean Sweep.

The district court dismissed all claims against Carpet Capital and, in its May 17 order, resolved all claims against Champions. But the district court did not resolve, or even mention, Champions's counterclaims in any order.

We lack jurisdiction over the appeal because the district court's May 17, 2023 order is not final or otherwise immediately appealable. Champions's counterclaims remain pending, and the district court did not certify its order for immediate review under Federal Rule of Civil Procedure 54(b). *See* 28 U.S.C. § 1291 (providing jurisdiction to review only "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Nor is the order effectively unreviewable on appeal from a final order resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] We also asked the parties to address whether the relevant pleadings were sufficient to invoke the district court's diversity jurisdiction in the first instance. Because we find that we lack jurisdiction over the appeal, we express no opinion regarding the adequacy of the allegations or evidence regarding diversity of citizenship and leave that determination to the district court.