[DO NOT PUBLISH]

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10079

Non-Argument Calendar

_____

DENNIS MCDANIEL,

Plaintiff-Appellant,

*versus*

SOUTHERN CORRECTIONAL MEDICINE LLC,
d.b.a. Genesys Health Alliance,

Defendant-Appellee,

DR. PETER WROBEL, et al.,

Defendants.

———————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00140-CAR

———————————————

Before NEWSOM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Dennis McDaniel filed a complaint against Southern Correctional Medicine, LLC, d/b/a Genesys Health Alliance ("Genesys"); Dr. Peter Wrobel; Dr. Shad Stormant; Daniela Torres; Nurse Rawni Sprague; Sheriff Cullen Talton; and Houston County, Georgia for deliberate indifference to his serious medical needs while incarcerated.

All defendants answered McDaniel's complaint. On August 4, 2022, the district court granted a motion for judgment on the pleadings filed by Sheriff Talton and Houston County and dismissed them from the action.

McDaniel and the remaining defendants entered two joint stipulations pursuant to Fed. R. Civ. P. 41(a)(ii) that purported to dismiss the remaining defendants from the action, with the second stipulation stating that the district court's August 4, 2022, order was then final and appealable. However, neither Sheriff Talton nor Houston County signed either stipulation, and Genesys was the only defendant who signed the second stipulation. The day after

filing the second stipulation, McDaniel filed a notice of appeal from the August 4, 2022, order.  The district court has not entered any orders since the stipulations were filed.

The district court's August 4, 2022, order dismissing all claims against Sheriff Talton and Houston County is not final because Wrobel, Stormant, Torres, Sprague, and Genesys remain parties to the action.  *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).  While McDaniel attempted to dismiss these defendants in two joint Rule 41(a)(1)(A)(ii) stipulations, the stipulations were ineffective because they were not signed by all parties who had appeared in the action.  *See* Fed. R. Civ. P. 41(a)(1)(A); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023).  Moreover, McDaniel did not take any action that could be construed as a motion to dismiss these parties pursuant to Rule 41(a)(2) or a motion to amend the pleadings pursuant to Rule 15(a), and the district court did not enter any order in response to the stipulations, much less one that could be construed as granting such motions.  *See* Fed. R. Civ. P. 41(a)(2); *Sanchez v. Disc. Rock & Sand*, 84 F.4th 1283, 1291-92 (11th Cir. 2023); Fed. R. Civ. P. 15(a); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004).  Accordingly, McDaniel's appeal is taken from a non-final order and cannot invoke our jurisdiction. *See* 28 U.S.C. § 1291.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.