[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11492

Non-Argument Calendar

_____

ROBERT EMMANUEL RICHARDSON,

Plaintiff-Appellant,

*versus*

THE STATE OF GEORGIA,
HENRY COUNTY SUPERIOR COURT,
BRIAN JOSEPH AMERO,
PANDORA PALMER,
DARIUS PATILLO, et al.,

Defendants-Appellees.

2                     Opinion of the Court                24-11492

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05583-LMM

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. We construe Robert Richardson's April 29, 2024 *pro se* notice of appeal as appealing the district court's April 9, 2024 order. That order denied his motion to open a new case, motion for recusal, and motions for protective orders; dismissed some of the claims and defendants; and granted him leave to amend.

We conclude that the April 9 order was not final because it left some of Richardson's claims pending. *See* 28 U.S.C. § 1291 (providing that appellate courts have jurisdiction over the final decisions of district courts); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012). Nor was the order immediately appealable under the collateral order doctrine because each issue addressed by the order was either not separate from the merits of the action or is effectively reviewable on appeal from a final judgment. *See Johnson v. Jones*, 515 U.S. 304, 311 (1995); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985); *Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-61 (5th Cir. 1980). Furthermore, we need not decide whether

24-11492               Opinion of the Court                3

Richardson's motion for a protective order sought a preliminary injunction because, regardless, any such request was mooted by the dismissal of his claims. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 794 F.3d 1327, 1330 n.3 (11th Cir. 2015).

Finally, we note that, after Richardson filed the April 29, 2024 notice of appeal that this opinion addresses, the district court entered final judgment and Richardson appealed, resulting in Appeal No. 24-11493. The dismissal of this interlocutory appeal does not preclude Richardson from seeking to challenge the April 9, 2024 order in his appeal from the final judgment.

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.