[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13380

Non-Argument Calendar

_____

AIN JEEM, INC.,

Plaintiff-Counter Defendant-Appellee,

*versus*

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
 IDENTIFIED ON SCHEDULE A, et al.,

Defendants,

 HALL OF FAME SPORTS MEMORABILIA, INC., et al.,

2                      Opinion of the Court                  23-13380

Defendants-Counter Claimaints,

AKERMAN LLP ALEJANDRO J. FERNANDEZ, et al.,

Counter Defendants,

CARL ELLEN PUCKETT, JR.,

Defendant-Counter Claimaint
Cross Claimaint-Appellant,

MARCELLA ANDERSON PUCKETT,

Cross Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01331-VMC-AEP

_____

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Carl and Marcella Puckett, proceeding *pro se*, appeal from the district court's September 21, 2023 order dismissing the case. However, this is not a final and appealable order because some claims remain pending in the district court. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012).

Ain Jeem, Inc.'s complaint initiating this action listed 77 defendants, and 75 of those defendants were voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Defendant Hall of Fame Sports Memorabilia, Inc. ("HFSM") filed a counterclaim against Ain Jeem asserting three separate counts. On March 2, 2022, the district entered summary judgment in HFSM's favor on Counts I and II, leaving Count III pending.

Ain Jeem filed a Rule 41(a)(2) motion to voluntarily dismiss its claims against Carl Puckett, stating that a dismissal would not prejudice Puckett. On July 6, 2022, the district court entered a paperless order granting Ain Jeem's motion. It cited Rule 41(a)(2) and found that Puckett would not be prejudiced by the dismissal because it "removes the risk of him being held liable to Ain Jeem" and "little discovery ha[d] taken place."

On September 17, 2023, Ain Jeem and HFSM filed a Rule 41(a)(1)(A)(ii) joint stipulation of dismissal with prejudice of all claims and counterclaims in the action, stating that Ain Jeem and the defendants "shall each bear their own costs and attorneys' fees." However, this stipulation was ineffective to dismiss the remaining claims because it was signed only by Ain Jeem and HFSM,

and not by "all parties who have appeared" as required by Rule 41(a)(1)(A)(ii).  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023).  Other parties who have appeared in the action include Cassandra Tisdol, Phillip Rangell II, Spencer Kaminski, Jesus Diaz, William Belknap, and the Pucketts.

On September 21, 2023, the district court entered a paperless order stating that, "[p]ursuant to the Stipulation of Dismissal with Prejudice . . . , th[e] case [wa]s dismissed with prejudice and with each party bearing their own attorney's fees and costs."  It directed the clerk to close the case.

Although a district court may construe a Rule 41(a)(1)(A)(ii) stipulation of voluntary dismissal as a Rule 41(a)(2) motion to voluntarily dismiss, this order did not do so.  *See Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023).  Rule 41(a)(2) allows a district court to enter an order dismissing the action "at the plaintiff's request" and "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  But unlike the July 6, 2022 order granting Ain Jeem's motion to voluntarily dismiss Carl Puckett, the September 21, 2023 order did not cite Rule 41(a)(2), did not analyze whether the terms of the dismissal were proper, and simply dismissed the case "pursuant to" the stipulation without making any findings or judgments.  *See Sanchez*, 84 F.4th at 1292 (holding that the district court's Rule 41(a)(2) order "adjudging" that the defendant was dismissed was effective because it set forth the terms of the dismissal and considered whether the terms were proper).

23-13380                Opinion of the Court                5

Accordingly, Ain Jeem's claims against HFSM and Count III of HFSM's counterclaim are still pending, and thus, we lack jurisdiction to hear this appeal.  *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE*, 689 F.3d at 1245-46.  This appeal is DISMISSED for lack of jurisdiction, and all pending motions are DENIED as moot.