[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11403

Non-Argument Calendar

_____

JENNY LINDSAY,

Plaintiff-Appellant,

*versus*

EMORY UNIVERSITY SCHOOL OF LAW, et al.,

Defendants,

EMORY UNIVERSITY,
DIRECTOR HEIDI FAENZA,
Individually, as former Director of Georgia Office
of Bar Admissions,
DIRECTOR JOHN EARLES,
Individually, and in his official capacity as Director

2                          Opinion of the Court                    24-11403

of Georgia Office of Bar Admissions,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00886-WMR

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jenny Lindsay, *pro se,* appeals (1) the district court's September 11, 2023 order and the related final judgment granting Emory University's ("Emory") and Heidi Faenza and John Earles's motions to dismiss Lindsay's first amended complaint and strike her second amended complaint, and terminating as moot her motions for default judgment and to correct filing; and (2) the district court's March 27, 2024 order partially granting her motion to alter or amend the judgment.  Those orders are not final or appealable, however, because the March 27 order reinstated Emory as a defendant, and, thus, rendered the proceedings non-final.  *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal,* 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

24-11403               Opinion of the Court                3

Nor did the district court certify its September 11, 2023 judgment for immediate review under Federal Rule of Civil Procedure 54(b).  *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)).  Further, the district court's September 11 and March 27, 2024 orders are not effectively unreviewable on appeal from a final order resolving the case on the merits.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  All pending motions are DENIED as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.