[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11368

Non-Argument Calendar

_____

SHANNON SIMMONS,
ERANUS ROBERSON,

Plaintiffs-Appellants,

*versus*

FUTO'S, INC.,
NOMAN RASHID,

Defendants-Appellees,

STEVE (JOHN) FUTO,
CHARLES FUTO,

2                    Opinion of the Court                    24-11368

Defendant.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03591-TWT

———————————

Before NEWSOM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

We asked the parties to address whether this appeal is moot in light of the district court's order approving the parties' settlement. In response, Shannon Simmons and Eranus Roberson (collectively "plaintiffs") appeared to contend that the approved settlement did not resolve all of their claims. As a result, we issued a supplemental jurisdictional question asking the parties to address whether the appeal is taken from a final decision. Futo's, Inc. and Norman Rashid (collectively "appellees") respond that we lack jurisdiction to review this appeal because the settlement related to only some, but not all, claims. Appellees argue that the district court did not enter a final judgment in this case because it did not adjudicate all claims made by plaintiffs against them. We agree.

In their complaint, Plaintiffs alleged that appellees violated the Fair Labor Standards Act ("FLSA") by not paying them overtime wages for unidentified workweeks in the period of August 2018 to August 2021. The parties entered into a settlement

agreement which purported to fully resolve a portion of the disputed matters between them. The settlement agreement specifically referenced workweeks in which the parties agreed that plaintiffs were not paid the required overtime wage. On appeal, plaintiffs challenge the district court's summary judgment ruling, in which the court found that Futo's, Inc. was a retail or service establishment. This finding pertains to only a portion of the commissioned work exemption to the FLSA. *See* 29 U.S.C. § 207(i). The district court was unable to determine if the commissioned work exemption applied because it could not determine the number of hours that plaintiffs worked and, thus, whether they were paid the required wage.

The district court's summary judgment order was not a final decision because it did not end the litigation on the merits, and it was not made final by the court's later order approving the settlement. *See World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (providing that an order that disposes of fewer than all claims against all parties is not a final decision). According to plaintiffs' undisputed statements in this appeal, the settlement covered only certain workweeks in which they were not paid overtime, and there are other workweeks that were not covered by the settlement agreement. The order approving the settlement thus did not dispose of the FLSA claims for those workweeks.

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are denied as MOOT.