[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12353

Non-Argument Calendar

_____

JORDAN WELLS,

Plaintiff-Appellant,

*versus*

CITY OF UNION CITY, GEORGIA,
ELLIOT GARNES,
in his individual capacity and supervisory capacity,

Defendants-Appellees,

VINCE R. WILLIAMS, et al.,
in his individual and official capacity as the Mayor of the
City of Union City,

2                    Opinion of the Court                    24-12353

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05035-WMR

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff Jordan Wells appeals from the district court's July 9, 2024 order granting summary judgment to two defendants, Elliot Garnes and the City of Union City ("the City"). Wells filed a complaint against those two defendants, Vince Williams, Victor Kyles, and John Doe Officers 1-5 in December 2021. Prior to the July 9 order, Wells filed a January 22, 2024 notice of voluntary dismissal purporting to dismiss his claims against Williams and obtained a default judgment against Kyles, although the district court stated that awarding damages as to Kyles without a hearing would be inappropriate and ordered that it would hold a hearing on damages if the case went to trial. On July 17, 2024, the clerk entered judgment. We asked the parties to address whether this appeal is taken from a final order.

Upon review of the record and the jurisdictional question responses, we conclude that we lack jurisdiction over this appeal. Wells's attempt to voluntarily dismiss his claims against Williams

24-12353                Opinion of the Court                3

was ineffective because he submitted the filing after Williams answered and moved for summary judgment, and the filing was not signed by all parties who had appeared.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff may voluntarily dismiss an action after the defendants file an answer or a motion for summary judgment by filing "a stipulation of dismissal signed by all parties who have appeared"); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023) (holding that a stipulation of voluntary dismissal must be signed by all parties who have appeared regardless of whether they remain in the action).  Thus, Wells's claims against Williams remain pending.  Because not all of Wells's claims have been disposed of, the appeal is not taken from a final decision, and we lack jurisdiction.  *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012).  The parties also raise arguments as to whether Wells's claims against the John Doe Officers and Kyles were resolved, but we decline to address those issues because the ineffectiveness of Wells's January 22, 2024 notice of voluntary dismissal is dispositive.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  Wells's motion to remand this appeal is DENIED.