[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12259

Non-Argument Calendar

_____

STAVENIOUS THOMAS,

Plaintiff-Appellant,

*versus*

CITY OF DOTHAN, ALABAMA, et al.,

Defendants,

DAMON OWENS,
Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:23-cv-00214-RAH-JTA

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Stavenious Thomas appeals from a district court order granting defendant Damon Owens's motion to dismiss the claims Thomas asserted against him in his amended complaint. Owens moves to dismiss this appeal, arguing that the appeal is not taken from a final or otherwise appealable order.

The district court's order is not final under 28 U.S.C. § 1291 because Thomas's individual-capacity claims against the other individual defendants remain pending before the district court. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (holding that an order that disposes of fewer than all claims against all parties is not final or immediately appealable). The district court did not certify the order for immediate appeal. *See* 28 U.S.C. § 1292(b); Fed. R. Civ. P. 54(b).

Additionally, the court's order is not appealable under the narrow collateral order doctrine because it is reviewable on appeal from a final judgment resolving all claims and delaying review until then would not "imperil a substantial public interest or some particular value of a high order." *See Mohawk Indus., Inc. v. Carpenter*,

558 U.S. 100, 107 (2009); *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a non-final order may be immediately appealable if, among other things, it would be effectively unreviewable on appeal from a final judgment).  Lastly, contrary to Thomas's contention, the doctrine of pendent appellate jurisdiction does not apply because there is no appealable order or issue with which the court's order granting Owens's motion to dismiss could be "inextricably intertwined."    *See Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017) (holding that we may review otherwise unreviewable orders or issues if they are "inextricably intertwined" with an order or issue properly before us).

Accordingly, Owens's motion to dismiss is GRANTED, and this appeal is DISMISSED.