[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13449

Non-Argument Calendar

_____

WILLIAM KENDALL,

Plaintiff-Appellant,

*versus*

J.P. CARNER, et al.,

Defendants,

CAPTAIN FENECHE,
(John Doe),
OFFICER GARZA,
(John Doe),

2                    Opinion of the Court                    24-13449

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00433-JLB-KCD

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

William Kendall, *pro se*, appeals from the district court's September 19, 2024 order dismissing his claims against three of the defendants. The district court's order was not final and appealable however, because it did not end the proceedings on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

Kendall's claims against defendants Garza and Feneche remain pending before the district court, and the court did not certify its September 19 order for immediate review under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Nor is the district court's September 19 order effectively

24-13449                Opinion of the Court                3

unreviewable on appeal from a final order resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.