[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13250

Non-Argument Calendar

_____

ALYSSA RUSSO,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
PROGRESSIVE SELECT INSURANCE COMPANY,

Defendants-Appellees,

PROGRESSIVE DIRECT INSURANCE COMPANY,

Defendant.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-01120-JES-KCD

———————————

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

In a case brought against the United States and Progressive Select Insurance Company ("Progressive"), plaintiff Alyssa Russo appeals from the district court's September 6, 2024, order granting Progressive's motion for judgment on the pleadings and dismissing Progressive as a party. The court stated in the September 6 order that it found "no just cause for delay" in entering a judgment in favor of Progressive and did so on September 9, 2024.

Jurisdictional questions asked the parties whether the district court's order certified its dismissal of Progressive for immediate appeal under Fed. R. Civ. P. 54(b) and, if so, whether that certification was proper.

Progressive responds that we lack jurisdiction because the district court did not certify the September 6 order under Rule 54(b). Russo agrees that the district court did not certify the September 6 order under Rule 54(b) but contends that the order is nevertheless immediately appealable under the collateral order doctrine.

The September 6 order is not final because it did not resolve Russo's pending claim against the United States. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). Further, the district court did not certify its dismissal of Progressive under Rule 54(b) because, although it stated in the September 6 order that it found "no just cause for delay" in entering judgment in favor of Progressive, it did not cite to Rule 54(b), it did not make any of the findings required for a valid certification under that Rule, its separate judgment did not reference Rule 54(b), and the parties did not cite to or request certification under that Rule. *See* Fed. R. Civ. P. 54(b).

The September 6 order is not immediately appealable under the "narrow" collateral order doctrine for at least two reasons. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1278 (11th Cir. 2021) (*en banc*). First, the issue of whether Russo's insurance policy with Progressive covered the injury that is the basis for the suit does not implicate an interest that is comparable to those that we have identified as sufficiently important to warrant an immediate appeal under the doctrine. *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989-90 (11th Cir. 2022). Second, the issue is not completely separate from the merits of the action because it concerns Progressive's liability to Russo for her injury under the relevant insurance policy.

Accordingly, we DISMISS this appeal for lack of jurisdiction.