[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11023

Non-Argument Calendar

_____

OLAJUWON PERRY,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-02234-PGB-LHP

_____

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Olajuwon Perry, a prisoner proceeding *pro se*, appeals from the magistrate judge's February 27, 2025, order denying his "Inquiry" filings and the district judge's March 5, 2025, order denying his "Emergency Repetition" filing. The district court construed those filings as motions primarily seeking release from prison.

Neither of those orders was a final decision because neither order resolved the claims raised in Perry's habeas petition, which is still pending. *See* 28 U.S.C. § 1291 (providing that we have jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that an order that disposes of fewer than all claims of all parties is not final). Additionally, neither order is appealable under the collateral order doctrine because Perry's motions concerned his imprisonment, which is the focus of his habeas petition, and because both orders will be effectively reviewable on appeal from the district court's eventual final judgment. *See Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 989, 991 (11th Cir. 2022).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it

25-11023                Opinion of the Court                3

complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.