[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11152

Non-Argument Calendar

_____

RODERICK HARRIS,
Administrator of the Estate of
Martha C. Harris,

          Plaintiff-Appellant,

*versus*

STANDARD GUARANTY INSURANCE COMPANY,
CRAWFORD & COMPANY,
WELLS FARGO BANK, NA,

          Defendants-Appellees.

_____

2                    Opinion of the Court                    25-11152

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cv-00153-JHE

_____

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Roderick Harris, proceeding *pro se* as the administrator of the estate of Martha Harris, appeals from the district court's March 11, 2025, order dismissing his claims against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Crawford & Company. Wells Fargo moves to dismiss this appeal for lack of jurisdiction, arguing that the district court has not entered a final and appealable order in this case.

We agree that the district court's March 11 order is not final or otherwise immediately appealable, because it did not end the litigation on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment). Harris's claims against defendant Standard Guaranty Insurance Company remain pending before the district court, and the court did not certify its March 11 order for immediate review under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not

25-11152                Opinion of the Court                3

immediately appealable absent certification pursuant to Rule 54(b)). Nor is the district court's March 11 order effectively unreviewable on appeal from a final order resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, Wells Fargo's motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction.