**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12608

Non-Argument Calendar

_____

ANDREA N. SMITH,

    Personal Representative of the Estate of
    Angela H. Purnell,

TIFFANY S. GAILES,

    Personal Representative of the Estate of
    Paul Raven Purnell,

                                    *Plaintiffs- Appellants,*

*versus*

HANNIGAN FAIRING CO., LTD,

    d.b.a. Hannigan Motor Sports, et al.,

                                    *Defendants,*

AMERICAN HONDA MOTOR CO., INC.,

                                  *Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 6:23-cv-00757-AMM

————————————

Before JORDAN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Andrea Smith and Tiffany Gailes appeal the district court's February 26, 2025 order granting summary judgment in favor of Dodd Sales, LLC ("Dodd") and its July 9, 2025 order denying the plaintiffs' motion for reconsideration of the summary judgment ruling. The plaintiffs originally filed their complaint against Dodd, American Honda Motor Co., Inc. ("Honda"), and a third defendant, asserting various tort and breach of warranty claims. The plaintiffs' breach of warranty claim against Honda is the only claim remaining before the district court.

We lack jurisdiction over the plaintiffs' appeal because the February 26 and July 9 orders are not final and appealable. Those orders did not end the litigation on the merits—the breach of warranty claim against Honda remains pending—and the district court did not certify either of them for immediate appeal. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties is not immediately appealable absent certification pursuant to Fed. R. Civ. P. 54(b)). Further,

25-12608                 Opinion of the Court                    3

neither order is appealable now under the collateral order doctrine because they are not effectively unreviewable on appeal from the final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that an order that does not conclude the litigation may be appealed under the collateral order doctrine if it, inter alia, is effectively unreviewable on appeal from a final judgment).