**NOT FOR PUBLICATION**

## In the
## United States Court of Appeals
### For the Eleventh Circuit

_____

No. 25-14067
Non-Argument Calendar
_____

TIGER MANAGEMENT LLC,
   as successor in interest to Chatham Enterprises LLC,
DAKOTA PROPERTIES LLC,
   as successor in interest to Chatham Enterprises LLC,

*Plaintiffs-Counter Defendants-Appellants,*

*versus*

CIRCLE K STORES, INC.,

*Defendant-Counter Claimant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:25-cv-01312-AMM
_____

Before ROSENBAUM, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Tiger Management, LLC, and Dakota Properties, LLC, (collectively, "Plaintiffs"), appeal the district court's November 3, 2025, order granting partial summary judgment in favor of Circle K Stores, Inc. ("Circle K"), denying Plaintiffs' motion for partial summary judgment, and denying Circle K's motion for a preliminary injunction as moot.  As explained below, we lack jurisdiction over the appeal.

In their amended complaint, Plaintiffs asserted five claims against Circle K concerning multiple commercial property leases. In its answer, Circle K asserted three counterclaims against Plaintiffs.  Circle K also moved for a preliminary injunction to stop Plaintiffs' eviction attempt.  The district court granted Circle K's motion for summary judgment as to four of Plaintiffs' claims and one of its counterclaims.  One of Plaintiffs' claims and two of Circle K's counterclaims remain pending before the district court.  Recognizing that the November 3 order did not resolve all claims, Plaintiffs moved to certify the order for immediate appeal under Federal Rule of Civil Procedure 54.  That motion is also pending before the district court.

We lack jurisdiction over Plaintiffs' appeal because the November 3 order is not final or otherwise immediately appealable. The order is not final because it did not end the litigation on the merits—one claim and two counterclaims remain pending—and the district court did not certify it for immediate review.  *See* 28 U.S.C. §§ 1291, 1292(b); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v.*

*Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties is not immediately appealable absent certification pursuant to Fed. R. Civ. P. 54(b)).  Further, the order is not appealable now under the collateral order doctrine because it did not resolve an issue completely separate from the merits and is effectively reviewable on appeal from the final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that an order that does not conclude the litigation may be appealed under the collateral order doctrine if it, among other things, resolves an issue completely separate from the merits and is effectively unreviewable on appeal from a final judgment).

The district court's order is also not immediately appealable under Section 1292(a)(1)'s provision for injunction rulings.  Plaintiffs did not explicitly request injunctive relief in any of their motions, and they lack standing to appeal the denial of Circle K's injunction because that ruling did not injure them in any way.  *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003); *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.