**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10096

Non-Argument Calendar

_____

MICROTECH KNIVES, INC.,

*Plaintiff-Counter Defendant-Appellant,*

*versus*

OUTDOORS ONLINE, LLC,

*Defendant-Cross Claimant-Appellee,*

JON JANECEK,

*Defendant-Counter Claimant*
*- Cross Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-04381-VMC

_____

Before JORDAN, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction.

Plaintiff Microtech Knives, Inc. ("Microtech") appeals from the district court's summary judgment entered in favor of Outdoors Online, LLC ("Outdoors"), one of two defendants in this action. The other defendant, Jon Janecek, asserted counterclaims against Microtech.

The appealed judgment is not final because Microtech's claims against Janecek and Janecek's counterclaims remain unresolved. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that a final judgment ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order disposing of fewer than all claims is not final). Microtech and Janecek's stipulation of voluntary dismissal as to the claims between them was ineffective to terminate those claims because the stipulation was not signed by Outdoors, who appeared in the action before the stipulation was filed. Fed. R. Civ. P. 41(a)(1)(A)(ii); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023) (holding that a stipulation of voluntary dismissal requires a signature from all parties who have appeared, including dismissed parties, to be effective). Because Microtech's claims against Janecek and Janecek's counterclaims remain pending, the judgment did not end the

26-10096          Opinion of the Court                    3

litigation on the merits, and we lack jurisdiction to review it. *See Sargeant*, 689 F.3d at 1246.