**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12133

Non-Argument Calendar

————————————————

RESTLESS MEDIA GMBH,

*Plaintiff-Appellee,*

*versus*

THOMAS E. JOHNSON,

MILESTONE MOTORCARS LLC,

MILESTONE MOTORCARS SALES LLC,

*Defendants-Appellants,*

RICHARD COLE, et al.,

*Defendants.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80120-SMM

————————————————

Before ROSENBAUM, NEWSOM, and KIDD, Circuit Judges.

PER CURIAM:

Restless Media GmbH ("RMG") filed an amended complaint against Thomas E. Johnson, Milestone Motorcars Sales LLC, and Milestone Motorcars LLC (the "Johnson Defendants"); Richard Cole and Rick Cole Auctions, Incorporated (the "Cole Defendants"); and Donald E. Williams and the Black Hawk Collection (the "Williams Defendants"). As relevant, RMG asserted the following claims against the Williams Defendants: aiding and abetting breach of fiduciary duty (Count 4), civil conspiracy (Count 6), violation of the Racketeer Influenced and Corrupt Organizations Act (Count 7), declaratory judgment (Count 8), and unjust enrichment (Count 9). Janet Williams, Robert Williams, and Elliot Stein were later substituted for Donald Williams.

The district judge entered an order granting in part and denying in part a consolidated motion to dismiss the amended complaint. Specifically, the court dismissed Count 9 against the individual Williams Defendants. RMG and the Williams Defendants then filed a joint stipulation of dismissal, purporting to dismiss the other claims against the Williams Defendants: Counts 4, 6, 7, and 8 against all of them and Count 9 against the Blackhawk Collection. A magistrate judge, by consent of the parties, entered an order dismissing those claims pursuant to the stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

RMG's claims against the Cole Defendants were resolved at summary judgment, and the case then proceeded to trial between

RMG and the Johnson Defendants. The jury returned a verdict in RMG's favor, and judgment was entered against the Johnson Defendants, which they now appeal.

We issued a jurisdictional question asking the parties to address whether this appeal is taken from a final decision and, specifically, whether all claims against the Johnson Defendants have been resolved. After a review of the district court record and the parties' very brief responses, the answer to that question is still unclear. Specifically, it is unclear whether Count 8, which was also asserted against the Johnson Defendants, has been resolved as to them. Notwithstanding this issue, it is clear to our Court that we lack jurisdiction over this appeal on a different basis: Counts 4, 6, 7, and 8 against the individual Williams Defendants have not been resolved because the Rule 41(a) stipulation purporting to dismiss those claims was ineffective.

Rule 41(a) allows for "dismissal of an action—not individual claims within it." *CMYK Enters., Inc. v. Advanced Print Techs., LLC*, 154 F.4th 1329, 1336 (11th Cir. 2025) (citation modified) (dismissing appeal for lack of jurisdiction because Rule 41(a)(2) motion seeking to dismiss fewer than all claims was invalid). However, "we have recognized an exception to this rule, allowing plaintiffs to voluntarily dismiss less than the entire action so long as they dismiss a party in its entirety." *Id.* (citation modified); *see Weinstein v. 440 Corp.*, 146 F.4th 1046, 1048 (11th Cir. 2025) (extending this "exception" to allow for the "dismissal of a single plaintiff in a multiple-plaintiff case, so long as all claims that the plaintiff brought against

any defendant are dismissed" (emphasis omitted)). Thus, Rule 41(a) can only be used to dismiss, at minimum, all of one party's claims against another. *See CMYK Enters., Inc.*, 154 F.4th at 1336; *Weinstein*, 146 F.4th at 1051–52.

Here, RMG and the Williams Defendants' stipulation purported to dismiss only Counts 4, 6, 7, and 8 against Janet Williams, Robert Williams, and Elliot Stein. That was fewer than all of RMG's claims against those defendants because it did not include Count 9. We have repeatedly held that Rule 41(a) cannot be used to dismiss fewer than all claims against another party, even after the district court purportedly resolves the other claims, if the district court does not certify the order for immediate appellate review under Federal Rule of Civil Procedure 54(b). *See CMYK Enters., Inc.*, 154 F.4th at 1332–33, 1335–38 (dismissing appeal as non-final because Rule 41(a)(2) motion following partial summary judgment order was "invalid upon filing"); *see also In re Esteva*, 60 F.4th 664, 669–70, 674–78 (11th Cir. 2023) (dismissing appeal as non-final because Rule 41(a)(1)(A)(ii) stipulation following appeal of order resolving most claims was ineffective to dismiss remaining claim); Fed. R. Civ. P. 54(b) (providing that a district court may, under certain conditions, "direct entry of a final judgment as to one or more, but fewer than all, claims or parties").

Put simply, the Rule 41(a) dismissal against the individual Williams Defendants should have included Count 9, but it did not. That made it ineffectual at its filing. Since the claims against the individual Williams Defendants were not otherwise resolved at

trial or in the eventual final judgment, this appeal is not taken from a final decision of the district court. Accordingly, we are without jurisdiction to review it. 28 U.S.C. § 1291; *see Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) ("An order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all parties, is not a final judgment from which an appeal may be taken" absent Rule 54(b) certification. (citation modified)); *CMYK Enters., Inc.*, 154 F.4th at 1338; *In re Esteva*, 60 F.4th at 678–79.

This appeal is **DISMISSED**.