[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10899

Non-Argument Calendar

_____

TABITHA MCKENZIE,

Plaintiff-Appellant,

*versus*

CHIEF JUDGE,
CASEY T. BARREN,
Lawyer for DCF,
LISA TANNER,
Case Manager,

Defendants-Appellees,

2                     Opinion of the Court                    24-10899

BRITTNEY BAXTER,
Case Manager,

                                                      Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00470-WS-MJF

_____

Before ROSENBAUM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Tabitha McKenzie filed the instant notice of appeal on March 20, 2024, asserting that she seeks review in this Court of what she described as a final order or judgment entered on January 8, 2024. She also described the appealed order but, while we can discern that the appealed order is connected to a magistrate judge, we cannot discern the full description.

Because no final order or judgment was entered on January 8, 2024 and, instead, two magistrate judge orders were signed that date, we asked the parties to address which order or orders the notice of appeal evinces an intent to challenge. We also asked whether the appeal was taken from a final or otherwise appealable order and whether the appeal is timely. No party responded.

However, McKenzie has filed documents on appeal that indicate that she challenges the denial of her motion to appoint counsel. The magistrate judge originally denied that motion in an order entered on January 9, 2024, but signed January 8, and the district judge later affirmed that order and denied reconsideration on January 24 and February 5, respectively. After considering temporal proximity, the text of the notice of appeal, and McKenzie's appellate filings, we construe her notice of appeal as challenging the district judge's January 24 and February 5, 2024 orders concerning her motion for appointment of counsel.

However, those orders are not final because McKenzie's claims remain pending in the district court. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012). Furthermore, the orders are not otherwise immediately appealable. *See Hodges v. Dep't of Corr.*, 895 F.2d 1360, 1361-62 (11th Cir. 1990).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.