[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13435

Non-Argument Calendar

_____

BLUE CHIP ALLIANCE, LLC,
d.b.a. The Man Shop,

Plaintiff-Counter Defendant-Appellee,

*versus*

CHETU, INC.,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61602-DSL

_____

Before NEWSOM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

In October 2023, Blue Chip Alliance, LLC ("Blue Chip") filed a second amended complaint against Chetu, Inc. ("Chetu"), alleging that it was entitled to declaratory judgment regarding a contested copyright (Count I), breach of contract (Count II), fraud in the inducement (Count III), and that Chetu had violated the Florida Deceptive and Unfair Trade Practices Act (Count IV). Both parties filed motions for summary judgment.

In September 2024, the district court entered an order granting in part and denying in part both motions. That order resolved Count II in Blue Chip's favor, but Counts I, III, and IV, at least in part, remained pending. Chetu appealed that order. Blue Chip filed a motion to dismiss the appeal for lack of jurisdiction.

We lack jurisdiction over the appeal. The underlying litigation is ongoing, so this appeal is not taken from a final order. *See* 28 U.S.C. § 1291 (providing that the courts of appeals have jurisdiction over "all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that "[a] final decision is one which ends the litigation on the merits" (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that an order that disposes of fewer than all claims of all parties is not final). Additionally, the district court did not certify the order for immediate review. *See* Fed. R. Civ. P. 54(b); 28 U.S.C.

§ 1292(b).  Finally, the order is not appealable as a collateral order because the court's ruling as to Count II was not "completely separate" from the merits of the action and the order will be effectively reviewable on appeal from the eventual final judgment.  *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 989, 991 (11th Cir. 2022).

Accordingly, Blue Chip Alliance, LLC's motion to dismiss is GRANTED, and this appeal is DISMISSED.