[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10199

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,
other Siteone Landscape Supply, LLC,
SITEONE LANDSCAPE SUPPLY, LLC,

Plaintiffs-Appellants,

*versus*

EVEREST REINSURANCE CO.,
G&C FAB-CON, LLC,
SUNFLOWER LANDSCAPING, CO.,
CARLOS PULIDO,

Defendants-Cross Claimant-Cross Defendant-Appellees.

_____

2                       Opinion of the Court                    25-10199

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-81366-RLR

_____

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's December 20, 2024, order granting defendants G&C Fab-Con LLC and Everest Reinsurance Co.'s motion for summary judgment as to all claims against them and denying the plaintiffs' motion for entry of final default judgment against defendants Sunflower Landscaping Co. and Carlos Pulido.  The district court's order was not final and immediately appealable, however, because it did not fully end the litigation on the merits.  *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).  At the time the plaintiffs filed their notice of appeal, their claims against Sunflower and Pulido remained pending, even though the district court clerk had entered a default against those defendants.  *See* Fed. R. Civ. P. 55; *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1530-31 (11th Cir. 1985) (holding that a clerk's entry of default is not a final judgment and is not an entry of a final default judgment).  And although the plaintiffs' claims against Sunflower have since been resolved, the claims against Pulido and the crossclaims against Sunflower remain pending.

Additionally, the district court did not certify its December 20 order for immediate review under Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Nor is the December 20 order effectively unreviewable on appeal from a final order fully resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.