[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13247

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,
The

Plaintiff-Counter Defendant
Appellee,

*versus*

MARY C. GRIGGERS, et al.,

Defendants,

RAY E. GRIGGERS,

Defendant-Counter Claimant
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00310-MTT

_____

Before GRANT, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

The United States filed this action against Ray Griggers and other defendants to recover unpaid federal income taxes owed by Griggers for the 2002, 2003, 2004, 2009, 2015, and 2017 tax years and to foreclose federal tax liens on his real property. On September 23, 2024, the district court granted in part and denied in part the government's motion for summary judgment. In doing so, the court found that the only remaining issue for trial was whether Griggers consented to immediate collection of his 2009 tax liability. Trial is set for April 2025.

Griggers, proceeding *pro se*, appeals from the district court's September 23, 2024 order granting in part and denying in part the government's motion for summary judgment. The government moves to dismiss the appeal for lack of jurisdiction because, it argues, the order is not final or otherwise appealable.

We agree that we lack jurisdiction. The district court's September 23, 2024 order did not end the litigation on the merits, and thus, it is not a final, appealable order. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir.

24-13247                Opinion of the Court                3

2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Fed. R. Civ. P. 54(b)).  The district court did not certify the non-final order for immediate appeal.  *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b).  The order is also not immediately appealable under the collateral-order doctrine be-cause it is not effectively unreviewable on appeal from the final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that an order that does not conclude the litigation may be appealed under the collateral-order doctrine if it, *inter alia*, is effectively unreviewable on appeal from a final judgment); *see also Fleming v. United States*, 127 F.4th 837, 852 (11th Cir. 2025) ("We have also emphasized the 'narrow,' 'limited,' 'modest . . . [and] se-lective' scope of the collateral-order doctrine.").

Accordingly, the motion to dismiss this appeal for lack of ju-risdiction is GRANTED, and this appeal is DISMISSED.