[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-11776

Non-Argument Calendar

_____

AJEENAH CRITTENDON,
EZ E-FILE TAX PREPARERS, INC.,
a California corporation,

                                                    Plaintiffs-Appellants,

*versus*

ANGELICA IVANA MULDROW,
a.k.a. Angelica Ivana,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-00046-VMC

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Ajeenah Crittendon and EZ E-File Tax Preparers, Inc. appeal from the district court's April 17, 2025, and May 14, 2025, orders. The first order denied their motions to retransfer the case to the Northern District of California and to disqualify the district judge, and the second denied their motion for reconsideration. We lack jurisdiction to review these orders because they are not final or immediately appealable.

First, the orders are not final orders because some of the plaintiffs' claims are still pending. *See* 28 U.S.C. § 1291 (providing that the courts of appeals have jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a decision that disposes of fewer than all claims is not final).

Second, the orders are not immediately appealable as collateral orders because they are effectively reviewable on appeal from an eventual final judgment.  *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that the collateral order doctrine allows for appeal of a non-final order if it resolves an important issue completely separate from the merits of an action and would not be effectively unreviewable later (quotation marks omitted)); *Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-61 (5th Cir. 1980) ("Disqualification questions are fully reviewable on appeal from final judgment."); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 (11th Cir. 1982) (stating that, when district courts deny transfer to another court, "appellate jurisdiction to review the district court's order is preserved on appeal from final judgment"); *see also Lavigne v. Herbalife, Ltd.*, 967 F.3d 1110, 1120 (11th Cir. 2020) (dismissing for lack of jurisdiction appeal from order denying motion to transfer venue and noting that such an order "is normally a non-appealable order").