[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11993

Non-Argument Calendar

_____

RONALD SATISH EMRIT,
a.k.a Presidential Candidate Number P60005535,

Plaintiff-Appellant,

PRESIDENTIAL COMMITTEE/POLITICAL ACTION
COMMITTEE/SEPARATE SEGREGATED FUND (SSF)
NUMBER C00569987,
d.b.a. United Emrits of America,

Plaintiff,

*versus*

INTERNATIONAL COURT OF JUSTICE (ICJ) IN HAGUE,
NETHERLANDS, UNITED NATIONS (UN),
WORLD TRADE ORGANIZATION (WTO),
COUNCIL ON FOREIGN RELATIONS (CFR),

WORLD HEALTH ORGANIZATION (WHO), et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:25-cv-00126-JRH-BKE

————————————————

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Ronald Satish Emrit, proceeding *pro se*, filed a notice of interlocutory appeal that we liberally construe as designating the magistrate judge's June 4, 2025, order providing the parties with instructions for the Fed. R. Civ. P. 26(f) discovery conference and report, as that was the only existing order when Emrit filed his notice. *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3). Emrit's notice cannot be construed as designating the district court's eventual order and judgment dismissing his case because they had not yet been entered when it was filed. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653,

661 (11th Cir. 1998) (explaining that a notice of appeal must "designate an existent judgment or order").

The magistrate judge's order is not a final order or immediately appealable as a collateral order because it left Emrit's complaint pending and, to the extent it resolved any issue, it would be effectively reviewable on appeal from the final judgment. *See* 28 U.S.C. § 1291 (providing that we have jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a decision that disposes of fewer than all claims is not final); *Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that the collateral order doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of an action and would be effectively unreviewable later (quotation marks omitted)).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.