[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12195

Non-Argument Calendar

_____

FELISSA GRISSETT,

Plaintiff-Appellant,

*versus*

RUSHMORE SEEDING,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-03384-MHC

_____

2                    Opinion of the Court                    25-12195

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Felissa Grissett, *pro se*, filed a notice of appeal complaining of "ongoing harassment," but it is unclear what order she seeks to challenge on appeal. The only order the district court has entered is an order granting Grissett leave to proceed *in forma pauperis*.

We lack jurisdiction over this appeal because the district court has not entered any final and appealable order. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment). The district court has not issued any final decision on the merits, and Grissett's civil complaint remains pending. *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Nor has the district court entered any order that would be effectively unreviewable on appeal from a final order resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. All pending motions are DENIED as moot.