[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12354

Non-Argument Calendar

_____

KESCHENER DESTIN,

                                        Plaintiff-Appellant,

*versus*

E. LOISEAU,
Correction Officer, Miami Dade Corrections and Rehabilitation,
in individual and official capacities,
L. DURAND,
for Miami Dade County Corrections and Rehabilitation Department,

                                        Defendants-Appellees,

2                  Opinion of the Court                  25-12354

MIAMI-DADE CORRECTIONS AND REHABILITATION DEPT.,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23441-JEM

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  Keschener Destin, *pro se*, appeals the district court's April 25, 2025 order granting the defendants' motion for partial summary judgment and its May 30, 2025 order denying Destin's motion for reconsideration of the partial summary judgment ruling.

We lack jurisdiction over Destin's appeal because those orders are not final and appealable, as they did not end the litigation on the merits—Destin's excessive force claim remains pending—and the district court did not certify them for immediate appeal.  *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties is not

25-12354                 Opinion of the Court                        3

immediately appealable absent certification pursuant to Fed. R. Civ. P. 54(b)).  Further, neither order is appealable now under the collateral order doctrine because they are not effectively unreviewable on appeal from the final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that an order that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is effectively unreviewable on appeal from a final judgment).

All pending motions are DENIED as moot.