**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12488

Non-Argument Calendar

_____

MAURICE SYMONETTE,

MACK WELLS,

*Plaintiffs-Appellants,*

*versus*

EVE ALEXIS CANN,

U. S. Bank National Association Representative,

JOSE E. MARTINEZ,

Federal District Judge,

JOHN SCHLESINGER,

VALERIE MANNO SCHURR,

Judge,

U.S. BANK N.A. AS TRUSTEE FOR FASC 2005 AHL3, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-22316-EAL

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Maurice Symonette and Mack Wells, proceeding pro se, filed a notice of appeal that we liberally construe as designating the magistrate judge's: (1) June 4, 2025 order striking their motion titled, "motion to take notice of request for the US Marshalls to produce the audio and the video of the clerks office from May 20 to May 21st"; and (2) June 12, 2025 order striking their response to an order requiring that summonses be issued for each defendant. *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *see also Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3).

Neither the magistrate judge's June 4 order striking Symonette and Wells's motion nor her June 12 order striking their response is a final or otherwise appealable order because both orders left their amended complaint, and all claims, pending. *See* 28 U.S.C. § 1291 (providing that we have jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation

25-12488                 Opinion of the Court                 3

marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a decision that disposes of fewer than all claims is not final).  Neither order is immediately appealable as a collateral order because both orders can be reviewed on appeal once a final judgment is entered.  *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that the collateral order doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of an action and would be effectively unreviewable later (quotation marks omitted)).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.