**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10967

Non-Argument Calendar

_____

TRANSAMERICA LIFE INSURANCE COMPANY,

*Plaintiff-Appellee,*

*versus*

PARTNERSHIP MANAGEMENT SERVICES
   GROUP, LLC, a.k.a. PMSG, LLC,
LAWRENCE E. WHITE,

*Defendants-Appellants.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00452-ACC-DCI

_____

Before JILL PRYOR, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Lawrence E. White and Partnership Management Services Group, LLC ("PMSG") appeal from the district court's February 25, 2025, order and judgment in favor of Transamerica Life Insurance Company ("Transamerica"). We asked the parties to address whether the appeal is taken from a final decision, which is essential for appellate jurisdiction. We also asked whether the relevant pleadings sufficiently alleged the citizenship of PMSG, so as to invoke the district court's diversity jurisdiction. The parties respond that the appeal is taken from a final decision and that the relevant pleadings and record evidence sufficiently established PMSG's citizenship. We conclude that the appeal is not taken from a final decision, so we lack appellate jurisdiction and do not address the potential issue regarding the district court's jurisdiction.

In its operative complaint, Transamerica asserted four claims for relief, including one for breach of contracts ("Count II"), all against both White and PMSG (together, the "defendants"). The defendants filed an answer. The parties later filed motions for summary judgment. On October 8, 2024, the district court entered an order on those motions, in which it left Count II pending. On October 18, 2024, Transamerica filed a notice of voluntary dismissal of Count II. The notice was signed by only Transamerica's counsel. The district court did not enter any order purporting to dismiss Count II.

Count II is still pending. Transamerica's October 18, 2024, filing was ineffective for several reasons. First, it was filed after the defendants filed an answer and a motion for summary judgment,

so it was not effective as a notice of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[A] plaintiff may dismiss an action without a court order by filing . . . a notice . . . before the opposing party serves either an answer or a motion for summary judgment."). Second, the filing was not signed by the defendants' counsel, so it was not effective as a stipulation of dismissal. *See id.* R. 41(a)(1)(A)(ii) ("[A] plaintiff may dismiss an action without a court order by filing . . . a stipulation . . . signed by all parties who have appeared."). Third, the district court did not enter an order purporting to dismiss the claim, so it was not dismissed by court order either. *See id.* R. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed . . . only by court order."); *see also Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023) (explaining that "Rule 41(a)(2) . . . doesn't require a motion" and that we have approved orders that treated ineffective notices and stipulations as requests for such orders).

As a result, this appeal is not taken from a final decision. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have jurisdiction [over] appeals from all final decisions of the district courts."); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that a ruling that disposes of fewer than all claims of all parties is not final). "This result could have been avoided by reading the Federal Rules of Civil Procedure." *CMYK Enters., Inc. v. Advanced Print Techs., LLC*, No. 24-13766, manuscript op. at 14 (11th Cir. Sep. 12, 2025). For example, Transamerica could have used Fed. R. Civ. P. 15 to amend the operative complaint. *See id.* at 15.

4                    Opinion of the Court                    25-10967

Accordingly, this appeal is DISMISSED for lack of jurisdiction.