**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12771

Non-Argument Calendar

_____

LILLIE M. MIDDLEBROOKS,

*Plaintiff-Appellant,*

*versus*

SCOTT KASMAR,
   in personal/individual capacity as
   Sergeant for The Rome Police Department,

BRYAN THOMAS JOHNSON,
   in personal/individual capacity as
   County Judge For the Superior Court of Floyd County,

KAY ANN KING,
   in personal/individual capacity as
   County Judge For the Superior Court of Floyd County,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:25-cv-00167-WMR

_____

Before JORDAN, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Lillie Middlebrooks, pro se, filed a notice of appeal from the district court's August 11, 2025 order. That order granted one defendant's motion to dismiss and granted in part and denied in part the other defendants' motion to dismiss.

We lack jurisdiction over Middlebrooks's appeal because the August 11 order is not final, as Middlebrooks's claims for declaratory relief against two of the three defendants remain pending, and the district court did not certify it for immediate appeal. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (providing that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order that disposes of fewer than all claims against all parties to a civil action is not final or immediately appealable absent certification by the district court pursuant to Federal Rule of Civil Procedure 54(b)). The order is also not effectively unreviewable on appeal from a final judgment resolving the case on the merits. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014)

25-12771                Opinion of the Court                3

(explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, inter alia, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.