**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12850

Non-Argument Calendar

_____

GLORIA EVANS MICKENS,
OTIS EVANS,
DORIS ENZOR,

*Plaintiffs-Appellants,*

*versus*

CIRCUIT COURT SECOND JUDICIAL CIRCUIT, et al.,

*Defendants,*

TYREC DE'SHUN BAKER,
SHUN LENARD BAKER,
FLORIDA HIGHWAY PATROL,
DARIO HARRIS,
  Trooper,
ERNEST HUNT,
  Corporal, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:25-cv-00102-AW-MJF

_____

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Gloria Evans Mickens, Otis Evans, and Doris Enzor, the plaintiffs in this action, filed a notice of appeal designating: (1) the magistrate judge's July 15, 2025 order granting a defendant's motion for an extension of time to respond to the amended complaint; (2) the magistrate judge's July 17, 2025 order denying the plaintiffs' motion for a default judgment; (3) the magistrate judge's July 29, 2025 order denying their motion for reconsideration of the July 15 order; (4) the district court's August 11, 2025 order overruling their construed objections to the magistrate judge's July 15 and July 29 orders; (5) the magistrate judge's August 11, 2025 order denying their request for recusal; and (6) the district court's August 18, 2025 order denying their motion for reconsideration of the magistrate judge's July 15 and July 29 orders. They assert that they are appealing pursuant to the collateral order doctrine and 28 U.S.C. § 1292.

None of the orders designated by the plaintiffs is a final or otherwise appealable order. First, none of the orders disposed of any claims in the amended complaint, which is still pending, so there is not a final decision on the merits. *See* 28 U.S.C. § 1291 (providing that we have jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden*

*City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a decision that disposes of fewer than all claims is not final).

Second, none of the appealed orders is immediately appealable as a collateral order because they can be reviewed on appeal once a final judgment is entered. *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that the collateral order doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of an action and would be effectively unreviewable later); *Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-62 (5th Cir. 1980) (explaining that the interlocutory denial of a motion to recuse the judge is not final or immediately appealable under the collateral order doctrine, as disqualification questions are fully reviewable on appeal from the final judgment).

Third, none of the appealed orders fit within any of the exceptions to the finality rule provided in § 1292(a), and the district court did not certify any of the orders for interlocutory appeal under § 1292(b). *See* 28 U.S.C. § 1292(a), (b).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.