**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12141

Non-Argument Calendar

_____

GLORIA EVANS MICKENS,
OTIS EVANS,
DORIS ENZOR,

*Plaintiffs-Appellants,*

*versus*

CIRCUIT COURT SECOND JUDICIAL CIRCUIT,
FRANK ALLMAN,
  Chief Judge of the Circuit Court,
DAVID FRANK,
  Circuit Court Judge,
DISTRICT COURT OF APPEALS,
TIMOTHY DAVID OSTERHAUS,
  Chief Judge, et al.,

*Defendants-Appellees.*

2                    Opinion of the Court                    25-12141

———————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:25-cv-00102-AW-MJF

———————————————

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Gloria Evans Mickens, Otis Evans, and Doris Enzor, proceeding pro se, filed an amended complaint against numerous defendants. In this appeal, the plaintiffs challenge the district court's June 2025 order granting five defendants' motions to dismiss. Four of those defendants filed motions to dismiss this appeal for lack of jurisdiction. For the reasons discussed below, we agree that we lack jurisdiction.

First, the June 2025 order was not final, as it did not resolve all of the plaintiffs' claims. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have jurisdiction [over] appeals from all final decisions of the district courts."); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a ruling that disposes of fewer than all claims of all parties is not final). When the plaintiffs filed this appeal, their claims against several defendants remained pending.

Second, the order is not immediately appealable under the collateral order doctrine, as it did not address an issue separate from the merits and is effectively reviewable on appeal from a final

25-12141                Opinion of the Court                3

judgment.  *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (describing the doctrine's requirements).  In fact, the plaintiffs have already filed such an appeal, No. 26-10004, which is pending.

Third, the order is not, as the plaintiffs argue, appealable under 28 U.S.C. § 1292(b), as the district court did not certify it as such.  Accordingly, the defendants' motions to dismiss are GRANTED.  This appeal is DISMISSED for lack of jurisdiction.