**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 25-12540

Non-Argument Calendar

————————————

FREDERIC BLOCK,

*Plaintiff-Counter Defendant-Appellee*

*Cross Appellant,*

*versus*

DAVID MATESIC,

Individually,

*Defendant-Counter Claimant-Appellant*

*Cross Appellee,*

CANDYCE ABBATT,

Individually,

JOSHUA GERSTIN,

Individually,

*Defendants-Counter Claimants-Cross Appellees,*

THE PALMS 2100 TOWER ONE CONDOMINIUM

ASSOCIATION, INC.,

2                    Opinion of the Court                25-12540

*Third Party Defendant.*

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61032-RKA

————————————

Before JILL PRYOR, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Defendant David Matesic and plaintiff Frederic Block appeal from the district court's June 30, 2025, order granting their motions for summary judgment on each other's claims.  Block also appeals from the district court's July 23, 2025, paperless order striking his motion for reconsideration of the June 2025 order.

We asked the parties to address whether their appeals are taken from a final decision and, specifically, whether defendant Joshua Gerstin's third-party claim against The Palms 2100 Tower One Condominium Association, Inc. had been resolved.  Both parties respond that the June 30, 2025, order resolved all claims, primarily because, in that order, the district court referred to the third-party claim as moot.

That order did not resolve all claims.  As the district court later stated in another paperless order in response to Gerstin's request to proceed with his claim, that third-party claim was still live.  As a result, the case did not become final until the district court entered a third paperless order dismissing Gerstin's third-party complaint.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have

jurisdiction [over] appeals from all final decisions of the district courts."); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a ruling that disposes of fewer than all claims of all parties is not final).

Accordingly, Matesic's appeal and Block's cross-appeal are DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.