**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10563
Non-Argument Calendar
_____

ABRAKA OKPOSIO,

*Plaintiff-Appellant,*

*versus*

BARRY UNIVERSITY, INC.,
  a Florida corporation,
BETHANY PIERPONT,
  individually,
LETICIA M. DIAZ,
ROXANNA P. CRUZ,
AMY M. LEFKOWITZ,

*Defendants-Appellees,*

MARIA L. ALVAREZ,

*Defendant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23814-DPG

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Abraka Okposio, proceeding pro se, filed this action alleging 35 claims under Florida law for fraudulent misrepresentation, gross negligence, and vicarious liability against Barry University, Inc., and several of its current or former employees. In an order entered on March 5, 2025, the district court granted the defendants' motion to dismiss as to Counts 1-9, 20-23, and 29-31 but denied the motion as to Counts 10-19, 24-28, and 32-35.

Okposio filed a Federal Rule of Civil Procedure 60(a) and (b) motion to vacate that part of the court's order that dismissed her fraudulent misrepresentation claims. While that motion was pending, the court entered an order on May 8, 2025, dismissing one of the defendants for failure to perfect service of process, thereby disposing of Counts 10, 15, and 24. This left Counts 11-14, 16-19, 25-28, and 32-35 still pending.

The district court denied Okposio's Rule 60 motion in an order entered on February 4, 2026, which she now appeals.

Because they did not dispose of all claims, the court's March 5, 2025 and May 8, 2025 orders were not final, and thus, neither was its February 4, 2026 order denying Okposio's motion to vacate

26-10563            Opinion of the Court            3

part of the March 5 order.  *See* 28 U.S.C. §§ 1291, 1292; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (explaining that an order that disposes of fewer than all the claims of all parties to an action is not final or immediately appealable unless the district court certifies the order for immediate review pursuant to Fed. R. Civ. P. 54(b)); Fed. R. Civ. P. 54(b) (providing for entry of judgment as to fewer than all claims or parties); *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (explaining that a district court order which "contemplates further substantive proceedings in a case is not final and appealable").  Further, the February 4 order is not an otherwise appealable interlocutory order because the court did not certify its order as immediately appealable under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b), the order did not resolve an issue completely separate from the merits, and the order is effectively reviewable upon appeal from the final judgment.  *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b); *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that, under the collateral order doctrine, an order that does not conclude the litigation may be appealed if it resolves an important issue completely separate from the merits of the action and would be effectively unreviewable on appeal from a final judgment).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.