**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 26-11312

Non-Argument Calendar

_____

TIMOTHY JACOB BARR,

*Plaintiff-Appellant,*

*versus*

CROSS CITY POLICE DEPT.,
  Police Department, et al.,

*Defendants,*

DARBY BUTLER,
  Sheriff of Dixie County Florida Sued in
  Individual Capacity and His Official Capacity,
JAMEY KING,
  Chief of Police Cross City Florida Police Department
  Sued in Individual Capacity and His Official Capacity,
BRADLEY LEA,
  Cross City Police Officer Cross City Florida Police
  Department Sued in Individual Capacity,
BENJAMIN DORMAN,
  Cross City Police Office Sued in Individual Capacity,

MEEKINS,

   Correctional Officer Dixie County Sheriff Office
   Sued in Individual Capacity, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:25-cv-00323-MW-ZCB

————————————

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Timothy Jacob Barr, proceeding pro se, appeals from the district court's March 27, 2026, order partially dismissing his third amended complaint. Barr filed the third amended complaint against fourteen defendants, asserting nine claims under 42 U.S.C. § 1983 involving violations of his First, Fourth, and Fourteenth Amendment rights (Counts I through IX). A magistrate judge sua sponte screened the third amended complaint under 28 U.S.C. § 1915(e) and recommended that the district court dismiss Counts IV through IX for failure to state a claim. The court entered an order that adopted the magistrate judge's recommendation and dismissed those six claims. Counts I through III remain pending before the district court.

We lack jurisdiction over Barr's appeal because the March 27 order is not final and appealable, as it did not end the litigation on the merits and the district court did not certify it for immediate review. *See* 28 U.S.C. §§ 1291, 1292(b); *CSX Transp., Inc. v.*

*City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties is not immediately appealable absent certification pursuant to Fed. R. Civ. P. 54(b)).  Further, the March 27 order is not immediately appealable under the collateral order doctrine because it did not resolve an issue completely separate from the merits and is effectively reviewable on appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that an order that does not conclude the litigation may be appealed under the collateral order doctrine if it conclusively resolves an issue completely separate from the merits and is effectively unreviewable on appeal from a final judgment).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.